### JOHN M. REED *vs.* HIRAM HOWARD.

Cord-wood and charcoal, in large quantities, are such articles as, by the Rev. Sts. *c.* 90, § 33, may be effectually attached without removal, &c. by the officer's causing a copy of the writ and of his return of the attachment to be recorded in the town clerk's office.

An officer's return, recorded in the town clerk's office, stating that he has attached "all the wood and coal of the defendant lying on a lot of land belonging to B. H. situate in B.," describes the property sufficiently to render the attachment valid.

When personal property, owned by two tenants in common, is attached in a suit against one of them, the officer is entitled to the possession and control of the whole, though he can sell only an undivided moiety thereof on execution ; and if, pending the attachment, the other cotenant makes a division of the property, and takes one half of it to himself, he is liable to the officer, in an action of trover, though the officer has sold the remaining half on execution and applied the proceeds towards satisfaction thereof.

TROVER for twenty cords of wood and thirty bushels of charcoal. At the trial in the court of common pleas, before *Strong*, J. evidence was given that in 1838 James Ames sold the wood, standing on his land, to Galen Howard, Jr. and George L. Edson, who cut the same and made part of it into charcoal, and deposited twenty or thirty cords thereof, together with the char-

coal, on the land of Barnum Hill. The plaintiff, as deputy sheriff, attached said wood and charcoal, on the 12th of June, 1839, on a writ in favor of B. B. Howard against said Galen Howard, Jr. and George L. Edson, but did not remove the same nor take them into his custody. He, however, caused the attachment to be recorded in the town clerk's office, pursuant to the Rev. Sts. c. 90, § 33. The return on said writ was, that the plaintiff had "attached all the wood and coal belonging to the within named G. Howard, Jr. and G. L. Edson lying on a lot of land belonging to Barnum Hill, situate in Bridgewater, and all the right, title and interest to any and all property on the premises." The defendant objected that this was not a valid attachment, as the property attached did not come within the provision of the revised statutes. This objection was overruled by the judge.

There was evidence that after the attachment was made, and before judgment was rendered in the action in which it was made, the defendant, with the assistance of the abovenamed James Ames, made an equal division of said wood and charcoal, and took and converted to his own use one half thereof, leaving one half for the plaintiff. This was done by the defendant under a claim to half of said property, arising from a sale thereof proved to have been made to him by said Galen Howard, Jr. before the said attachment.

It was also in evidence, that before the said division of the wood and charcoal, and after the defendant had purchased said Galen's property therein, and after the attachment, the defendant, at a place two or three miles distant from the wood, &c., demanded of said G. L. Edson, B. B. Howard, (the attaching creditor,) and the plaintiff, severally, a division of the wood, &c. and his portion thereof — which demand was not complied with.

Judgment was recovered in the action in which said attachment was made, at the December term 1839, of the court of common pleas, at Plymouth, and execution thereon was immediately issued and put into the plaintiff's hands, who within thirty days seized and sold thereon the remaining half of the

wood, &c. and applied the proceeds in part satisfaction of the execution.

The defendant contended that he rightfully took a moiety of the wcod, &c. and as the plaintiff had taken and sold the other moiety and applied the proceeds towards payment of the execution, he was not entitled to any more, and could not maintain this action. But the judge instructed the jury that the plaintiff, by the attachment, had a right to the possession of the whole property, as well the undivided half of the defendant, as the undivided half of Edson, until the sale on execution, though he could sell the undivided half of Edson only ; and that the taking by the defendant was a violation of the plaintiff's right of possession, and entitled him to maintain the action. The jury found a verdict for the plaintiff, and the defendant alleged exceptions to the above several opinions and directions of the court.

*Coffin & Pratt*, for the defendant.

*W. Baylies*, for the plaintiff.

DEWEY, J. It is objected to the right of the plaintiff to recover in this action, that no sufficient possession of the property attached was taken and retained by the officer to authorize him to hold the same as under an attachment in the common form ; and that an attachment under the Rev. Sts. c. 90, § 33, would be wholly ineffectual, as the case does not fall within its provisions. Before the enacting of the statute just cited, the law re quired, that in order to perfect and continue an attachment of personal property, the officer should take and retain the possession and control of the same. Great practical difficulties often arose as to the kind of possession and custody necessary to satisfy the requirements of the law ; and cases have from time to time occurred, where from the utter impracticability, or very great inconvenience and expense attendant upon an actual removal, only such acts of notoriety as to the attachment and custody, as the state of the case would reasonably demand, have been required to secure a lien by attachment. *Ashmun* v. *Williams*, 8 Pick. 402. *Hemmenway* v. *Wheeler*, 14 Pick. 408.

To obviate the difficulties which have been suggested, and to

provide a more perfect system as to the kind of notice to be given in such cases, as well as to enlarge the application of this modification of the law of attachment, the Rev. Sts. *c.* 90, § 33, have provided, that " when an attachment is made of any articles of personal estate, which by reason of their bulk, or other cause, cannot be immediately removed, a copy of the writ and the return of the attachment may, at any time within three days thereafter, be deposited in the office of the clerk of the town in which it is made, and such attachment shall be equally valid and effectual, as if the articles had been retained in the possession and custody of the officer." The language of this section is broad and extensive, embracing by its very terms all articles of personal property " which cannot be immediately removed " ; and we can have no doubt, but that in the present case the situation and kind of property attached will authorize the adoption of the mode prescribed by this statute, as the proper mode of making this attachment. Nor do we perceive any objection to the validity of the attachment, arising from the generality of the description of the property in the officer's return, taking into consideration the nature of the property attached, and the entire recital found in the return.

It was further contended that as the debtor had but a moiety of the property in the chattels attached, the defendant was justified, under the circumstances disclosed in the defence and stated in the bill of exceptions, in taking and removing that portion of the articles attached, which is the subject of the present action But the court ruled, and as it seems to us very properly, that those facts constituted no defence to the action. An officer, who attaches the interest of one part owner in chattels, is authorized, as against the other part owners, to take possession of the chattels and retain it, (unless security be given as hereafter mentioned,) during the pendency of the attachment, although on the levy of the execution he sells only the share or interest of the judgment debtor, and the purchaser acquires no other right than that of part owner. *Melville* v. *Brown,* 15 Mass. 82. *Heydon* v. *Heydon,* 1 Salk. 392. Practical inconveniences occasionally result from the exercise of this right of attachment and taking the exclusive possession

of property held by tenants in common, in an action against a part owner, but they are incident to this species of title to property. These evils are, to a great extent, obviated by the Rev. Sts. *c.* 90, §§ 73, 74, requiring the officer, in such cases, to deliver the property to the other part owner upon his request, and upon his giving to the officer sufficient bonds to restore the same, or pay the appraised value thereof, or to satisfy any judgment that may be recovered in the suit on which said property is attached. This provision is made for the benefit of the other part owner, and if he neglects to avail himself thereof, the property must remain in the possession and custody of the officer.

It is then insisted, that the partition of the common property, which was made by the defendant, after notice to the creditor and the officer, was a severance thereof, and would justify the defendant in removing a specific part of it, leaving an equal quantity as the share of the debtor, upon which the execution might be levied. This proposition for partition seems to be a very reasonable one, and one which all parties might well have assented to ; but the creditor was not compellable by law to adopt this course. He had the right to seize, and sell on his execution, the undivided share of the debtor in the whole property, and was not legally bound by any such partition of the common property as was here made.

The removal from the possession of the officer of any part of the property attached, though less than what would have been his share on a partition, will subject the party thus taking it to an action by the officer. Nor is it any objection to the recovery in this action, that the officer may have sold on the execution the moiety of this defendant in the property not removed. If that sale was wrongful, the defendant has his remedy against the officer.

We do not perceive any sufficient grounds for sustaining the exceptions taken to the opinion of the court of common pleas, on the questions arising in this case.

*Exceptions overruled and judgmen affirmed.*